JAMES MOODIE *v.* J. B. L. CAMBOT—B. N. FORTIER, Under-Tutor, In_
tervenor.

When the under-tutor having intervened in a suit against the tutor for a debt of the minor, prosecutes
   an appeal from a judgment against the tutor, the appeal will be dismissed if the tutor is not made
   a party to it.

APPEAL from the Second District Court of New Orleans, *Morgan,* J.
   *C. Dufour,* for plaintiff.  *P. E. Théard* and *J. W. Duncan,* for intervenor
appellant.

COLE, J.   The defendant being sued as tutor of his minor daughter, for work
done by plaintiff upon a house belonging to the minor, the under-tutor intervened
upon the ground that the tutor had contracted without the authorization of a
family meeting ; that the minor was not responsible for a debt so created, and
that there was a conflict of interest between the tutor and minor.

From a judgment against the defendant, in his capacity of tutor, the under-
tutor has appealed.

A motion has been made to dismiss the appeal, because the tutor was not made
a party thereto.

Although the under-tutor was entitled to intervene to watch over the trial and
see that justice was done to the interests of the minor, yet the proceedings were
conducted, not only contradictorily with him, but also with the tutor ; the latter
was not ousted from his position of defendant by the intervention.

The defendant, as tutor, had the right to maintain the legality of his conduct,
if it were in his power so to do ; and he appears to have succeeded, for the judg-
ment was against him, as tutor.

The intervention was based upon the alleged infidelity of the tutor and a sup-
posed disposition in him to allow a judgment to go against the minor to save
himself from future liability to plaintiff, on the ground of his personal responsi-
bility for having contracted with plaintiff, as tutor, in the absence of any legal
right so to do.

We are of opinion, that the tutor ought to have the opportunity of showing
his good faith and the legality of his contract as tutor, and that he ought to have
been made a party to the appeal.   If he were not a party, his contract might be
avoided, the minor declared free from responsibility, and the tutor left subject to
a personal action.

Besides, the tutor is defendant in the action, and the judgment was against him
in his capacity of tutor.

How then could this court affirm or reverse the judgment against him, when he
is not a party to the appeal.

It is, therefore, ordered, adjudged and decreed, that the appeal be dismissed, at
the costs of appellant.

---

SAME CASE—ON A RE-HEARING.

COLE, J.   The application for a re-hearing is refused with the same remarks as
in No. 5734 of *Toussaint* v. *Cambot.*

Re-hearing refused, with costs.